**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

|  |  |  |
|---|---|---|
|  | * |  |
| KAREN M. HOGAN, | * |  |
|  | * |  |
| Plaintiff | * |  |
|  | * |  |
| VS. | * | NO: 4:07CV00235   SWW |
|  | * |  |
| ARKANSAS DEPARTMENT OF | * |  |
| COMMUNITY CORRECTION, | * |  |
|  | * |  |
| Defendant | * |  |
|  | * |  |

## ORDER

Plaintiff Karen M. Hogan ("Hogan"), proceeding *pro se* and *in forma pauperis*, brings this employment discrimination case against her employer, the Arkansas Department of Community Correction ("ADCC"), pursuant to Title VII of the 1964 Civil Rights Act, as amended by the Civil Rights Act of 1991.   Before the Court is the ADCC's motion to dismiss this case without prejudice.  The time for responding has passed, and Hogan has failed to file a response.  After careful consideration, and for the reasons that follow, the motion to dismiss will be granted, and the complaint will be dismissed without prejudice.

The ADCC moves for dismissal on the ground that Hogan failed to exhaust her administrative remedies before initiating this lawsuit.  Hogan commenced this case on March 16, 2007, and she submitted an EEOC right-to-sue notice, dated December 18, 2006, along with her complaint.  However, the EEOC rescinded the right-to-sue notice on March 9, 2007 and

reopened the administrative proceedings regarding the claims at issue in this case.[1]

When the EEOC rescinds a right-to-sue notice, the prior administrative determination is vacated in its entirety thereby revoking the charging party's right to sue within 90 days.  *See* 29 C.F.R. § 1601.19. The charging party must then wait for the Commission's final reconsideration, after which the party will again have 90 days to file suit. *See id; see also Gonzalez v. Firestone Tire & Rubber Co.,* 610 F.2d 241 (5th Cir.1980).

Because the failure to obtain a right-to-sue letter is a curable defect, the Court previously held the motion to dismiss in abeyance and directed Plaintiff to inform the Court regarding the current status of the EEOC proceedings.  The Court advised Plaintiff that the failure to file a status report within 10 days of the Court's order would result in dismissal of the complaint, without prejudice.

The time for filing a status report has expired, and Plaintiff has failed to inform the Court as directed.  Accordingly, Defendant's motion to dismiss (docket entry #14) is GRANTED.  Pursuant to the judgment filed together with this order, the action is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED THIS 17TH DAY OF JULY, 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[1]The ADCC submits a copy of an EEOC  "rescission of dismissal and notice of rights" stating:   "The Dismissal and Notice of Rights is rescinded because it was issued in error." Docket entry #14, Ex. A.  The EEOC's recision notice refers to the same administrative charge that Hogan attached to her complaint filed in this case.  Additionally, the ADC presents a letter from the EEOC dated April 9, 2007, stating that the administrative case regarding Plaintiff's claims is pending.  *Id*. Ex. B.